UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHAEL ANGELO BURNETT,

    Plaintiff,      Case No. 1:20-cv-1116

v.             Honorable Robert J. Jonker

MATT MACAULEY et al.,

    Defendants.
_____/

## OPINION DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff sought leave to proceed *in forma pauperis*. On initial review, the Court granted leave to proceed *in forma pauperis* (ECF No. 6). Upon further evaluation, the Court concludes that pauper status was improvidently granted. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court therefore will vacate its December 1, 2020, order granting leave to proceed *in forma pauperis* and direct Plaintiff to pay the $400.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See, Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010); *Burnett v. Hofbauer et al.*, No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009); *Burnett v. Caruso, et al.,* No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009); *Burnett v. Hill, et al.,* No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009); *Burnett v. Caruso, et al.,* No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in dozens of cases. *See, e.g., Burnett v. Kipela et al.*, No. 2:20-cv-105 (W.D. Mich. Oct. 18, 2010) (ECF Nos. 3-4).[1]

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed

---

[1] Plaintiff's many complaints were filed in 2009 and 2010. After 2010, Plaintiff filed no cases in this Court until the instant case, which was followed within two weeks by two additional cases. *See Burnett v. Wiborn et al.*, No. 1:20-cv-1161 (W.D. Mich.); *Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich.).

> pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC), and he sues the following IBC officials: Warden Matt Macauley; Resident Unit Manager (RUM) D. Bolton; and Assistant Resident Unit Supervisor (ARUS) Wendy Lane. In his complaint (ECF No. 1) and supporting declaration (ECF No. 3), Plaintiff alleges that for 15 years, at least 5 times per week, Defendants Bolton and Lane have used the "Safety Systems" at IBC to "release[] their excreted waste ("feces") and urine in [Plaintiff's] mouth." (Decl., ECF No. 3, PageID.13; *see also* Compl., ECF No. 1, PageID.2-3.) Plaintiff alleges that "Defendants Bolton and Lane can do just about anything to [him] physically while on the prison Safety Systems at Bellamy." (Compl., ECF No. 1, PageID.3.) Plaintiff states that Defendants Bolton and Lane have told him "[t]hat they and their staff were not going to stop excreting waste and urine into my mouth until I am dead. . . . So, I might as well go ahead and kill myself." (*Id.*, PageID.2.) Plaintiff alleges that he has suffered nausea and chest pain, because the waste and urine aggravate his acid-reflux condition.

Plaintiff admits that he suffers from paranoia and schizophrenia, and he states that Defendants have laughed at him and told him that he will never be believed because of his

4

diagnoses.  Plaintiff alleges that he has complained to his psychologist about Defendants using the "Safety Systems" to perpetrate the assaults, but when the psychologist asked Defendants what the "Safety Systems" were, Defendants denied that such system(s) existed.  Due to Defendants' denials of the existence of the "Safety Systems," Plaintiff's psychiatric medications have been increased over his objections.

Plaintiff argues that Defendants' denial of the existence of "Safety Systems" is refuted by MDOC Policy Directive (PD) 04.04.100, which is entitled "Custody, Security, and Safety Systems."  He alleges that he is in imminent danger from Defendants' continuing use of the "Safety Systems" to cause Plaintiff to ingest feces and urine.

Plaintiff's allegations are "fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 F. App'x at 79.  Plaintiff's reference to PD 04.04.100 does not support his fantastic allegation that there exists a special system at IBC that allows officials to both communicate and deliver feces and urine directly into Plaintiff's mouth.  The referenced policy discusses the specifics of custody, security, and safety practices and features at IBC.  The text of the policy is exempted from public disclosure, because it would reveal too much information about custody and security operations at the prison.  *See* MDOC PD 04.04.100, https://www.michigan.gov/corrections/0,4551,7-119-1441_44369-158561--,00.html.  The simple title of the policy, however, is obvious in its meaning, and it provides no factual support for the existence of some quasi-magical system that could perform the actions alleged by Plaintiff.  The Court therefore concludes that Plaintiff's allegations of imminent danger are irrational and clearly baseless, and, as such, they do not support a conclusion that Plaintiff is in imminent danger of serious physical injury within the meaning of § 1915(g).  *See Vandiver*, 727 F.3d at 585; *Rittner*, 290 F. App'x at 79.

As a result, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will vacate its December 1, 2020, order granting leave to proceed *in forma pauperis*. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $400.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fees.

An order consistent with this opinion will issue.

Dated:   December 18, 2020            /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**